19-3821
Kalaj v. Garland

BIA
Wright, IJ
A206 364 654

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty-two.**

PRESENT:
        RICHARD J. SULLIVAN,
        EUNICE C. LEE,
        MYRNA PÉREZ,
                *Circuit Judges.*
_____

ENDRIANO KALAJ,
                *Petitioner*,

        v.                                                          19-3821
                                                                    NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
                *Respondent*.
_____

**FOR PETITIONER:**	Michael W. Pottetti, Esq., Port Jefferson, NY.

**FOR RESPONDENT:**	Jeffrey Bossert Clark, Acting Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Sarah K. Pergolizzi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Endriano Kalaj, a native and citizen of Albania, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Endriano Kalaj*, No. A206 364 654 (B.I.A. Oct. 17, 2019), *aff'g* No. A206 364 654 (Immig. Ct. N.Y. City Mar. 13, 2018).   We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the decision of the IJ as modified and supplemented by the BIA.  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).   We review the agency's factual findings for substantial evidence, and we review questions of law de novo.

*See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To obtain asylum or withholding of removal, an applicant must establish past persecution or a fear of future persecution on account of a protected ground. 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b). "To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (internal quotation marks omitted); *see also Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) (same).

The agency reasonably concluded that Kalaj failed to establish that the Albanian government was unable or unwilling to protect him from persecution. Contrary to Kalaj's argument that his attackers were state actors, "[m]embers of a political party are not the government; for mistreatment inflicted by members to amount to persecution, an applicant must show that the government was unwilling or unable to control the attackers." *Singh*, 11 F.4th at 115. As the

3

agency concluded, Kalaj did not make this showing because he testified that he did not report either incident to police and his country conditions evidence reflected only general corruption within the Albanian police and government. *See Scarlett*, 957 F.3d at 332 ("[T]o demonstrate persecution based on private party violence, an alien must show either that the government condoned the action or, even if it did not, that it was completely helpless to protect the victims.").

Moreover, substantial evidence supports the agency's determination that Kalaj did not establish a well-founded fear of future persecution. An asylum applicant must show that he or she "has a fear of persecution in his country of nationality . . . on account of race, religion, nationality, membership in a particular social group, or political opinion; [t]here is a reasonable possibility of suffering such persecution if he or she were to return to that country; and [h]e or she is unable or unwilling to return to, or avail himself or herself of the protection of, that country because of such fear." 8 C.F.R. § 1208.13(b)(2)(i). If the applicant shows that the country of removal has a "pattern or practice" of persecuting similarly situated individuals and that he is a member of such a group of persecuted individuals, he is not required to provide evidence that he would be "singled out individually for persecution." 8 C.F.R. § 1208.13(b)(2)(iii).

4

Kalaj testified that members of the Socialist Party have not searched for him since he left Albania in 2013; he also acknowledges that he is no longer a member of the Democratic Party of Albania (albeit because he says it is "unsafe"), and that his father, who has been a member of the Democratic Party since 1992 or 1993 and lives in Albania, has never been harmed. Accordingly, the agency reasonably concluded that Kalaj did not establish a well-founded fear of being singled out for persecution. As to whether Albania has a "pattern or practice" of persecuting similarly situated individuals, Kalaj failed to exhaust this argument and does not challenge the agency's finding that he did not establish a pattern or practice of persecution. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007) (issue exhaustion is mandatory); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming claim "abandoned" where addressed in "only a single conclusory sentence").

In sum, the agency did not err in denying asylum and withholding of removal. *See Singh*, 11 F.4th at 114–15; *Scarlett*, 957 F.3d at 328; *see also* 8 C.F.R. §§ 1208.13(b)(1) (asylum), 1208.16(b) (withholding of removal). Kalaj does not challenge the denial of his CAT claim and has thus abandoned that claim. *See Yueqing Zhang*, 426 F.3d at 541 n.1.

5

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court